| | |
|---|---|
| 1 | William C. Lewis, Esq., Bar No. 77193 |
|   | Rebecca L. Epstein, Esq. Bar No. 168226 |
| 2 | LAW OFFICES OF WILLIAM C. LEWIS |
|   | 510 Waverley Street |
| 3 | Palo Alto, CA 94301-2009 |
|   | Telephone: (650) 322-3300 |
| 4 | Facsimile: (650) 327-9720 |
| 5 | Attorneys for Debtors |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

Edward V. Zimbrick and Daija Zimbrick,

           Debtors.

Case No.: 08-54477-SLJ

Chapter 11

DECLARATION OF WILLIAM C. LEWIS SUMMARIZING BALLOTS

Date: January 13, 2011[1]
Time: 2:00 p.m.
Courtroom: 3099
Location: 280 South 1st Street, San Jose, California
Judge: Stephen L. Johnson

---

[1] As explained in Debtors' Status Conference Statement, dated January 10, 2011, at the currently scheduled Confirmation Hearing of January 13, 2011, Debtors will, pursuant to Local Bankruptcy Rule 3020-1(f), request a continuation of this hearing to the same date and time as the continued confirmation hearing in the related case of In re Alpha Factors, Case No. 08-54475, also pending before this Court.

DECLARATION OF WILLIAM C. LEWIS SUMMARIZING BALLOTS    1

I, William C. Lewis, hereby declare:

1. I am the sole proprietor of the Law Offices of William C. Lewis, counsel to the within Debtors. I am an attorney licensed to practice law by the State of California and admitted to practice before the above entitled Court.

2. I declare under penalty of perjury that the statements made herein are true of my personal knowledge, except for statements made on information and belief, which statements I believe to be true and the basis for which is set forth herein. Any statements made on the basis of business records of my firm are made on the basis of records prepared or maintained in the ordinary course of business by persons who prepare or maintain those records as a regular part of their duties for the firm.

3. I have reviewed the ballots received voting on the Debtors' Chapter 11 Plan Dated October 26, 2010 (the "Plan"). The tabulation attached as <u>Exhibit A</u> hereto (the "Tabulation") is a detailed list of the ballots received from holders of claims entitled to vote on the Plan. All ballots timely received from holders of claims entitled to vote on the Plan are attached hereto as <u>Exhibit B</u>. Timely ballots received from parties not entitled to vote on the Plan are attached hereto as <u>Exhibit C</u>.

4. To the best of my knowledge, the Tabulation accurately reflects the acceptances and rejection of the Plan which were timely received from holders of claims entitled to vote thereon. The Tabulation does not include two "yes" ballots received before the ballot return deadline by parties not entitled to vote. Those parties were not entitled to vote on the grounds that such parties did not file proofs of claims in this case and were scheduled by

Debtors as having contingent, unliquidated, and disputed claims.  My firm also received one late "yes" ballot from a party not entitled to vote, with such ballot being received after the January 3, 2011 deadline set by the Court.  This "yes" late ballot is neither included in the Tabulation nor attached to the exhibits hereto.  CA-Pruneyard Limited Partnership returned duplicative "yes" ballots.  These duplicative ballots are both attached at <u>Exhibit B</u>, but only one ballot was included for purposes of the Tabulation.

5. Under the Plan, there were three unimpaired classes of secured creditors (Classes A-1, A-2 and A-3) not entitled to vote on the Plan.  These three classes all consist of home or automobile lenders, and pursuant to 11 U.S.C. § 1124, these classes are unimpaired because the Plan "leaves unaltered the legal, equitable, and contractual rights" of these secured lenders.

6. Pursuant to the Plan, creditors with allowed claims in the following classes are entitled to vote on the Plan:

| **Class** | Holder | Description of Claims |
|---|---|---|
| B | CA-Pruneyard Limited Partnership | Allowed Unsecured Claim, as previously approved by Order of the Court entered on October 8, 2009 |
| C | Century 21 Real Estate LLC ("Century 21") | Claim of Century 21 on account of Debtor, Edward Zimbrick's, guaranty of the franchise agreement between Alpha Factors and Century 21, as modified by the Stipulation Regarding Allowance of Administrative Claim On Behalf of Century 21 Real Estate LLC that approved by the Court in the Alpha Factors' case (Case No. 08-54475) |
| D | General Unsecured Claims | Allowed Claims other than Claims that are entitled to priority under the Bankruptcy Code or which are included in another class under this Plan.  Class D also includes Claims arising from executory contracts rejected by the Debtors |

7. Based on the attached Tabulation, the Plan was accepted by Classes B and D. Class C rejected the Plan; however, I am informed and believe that the treatment of Class C is effectively and simply the assumption of an executory contract and that such rejection by Class C should not affect confirmation of the Plan.

Executed on January 10, 2010 at Palo Alto, California. I declare under penalty of perjury that the foregoing is true and correct.

    /s/ William C. Lewis
    William C. Lewis

DECLARATION OF WILLIAM C. LEWIS SUMMARIZING BALLOTS   4

Case: 08-54477   Doc# 167   Filed: 01/10/11   Entered: 01/10/11 13:33:50   Page 4 of 4